## KEELY *v.* TURBEVILLE.

1. BUYER AND SELLER. *Representations. Fraud.* If representations are made by the seller at the time of purchase, which the buyer relied on and was thereby induced to make the trade, and these representations were false, and known to be so by the seller, this would be fraud, and would defeat a recovery upon a note given for the purchase money.

2. SAME. *Same. Warranty.* If the buyer relies partly upon an exami- nation and test of the article sold, but mainly upon the representa- tions of the seller, and these representations were with intent they should be relied upon, it is a warranty upon which he may recover.

### FROM GIBSON.

Appeal from the Circuit Court of Gibson county. J. T. CARTHEL, J.

M. M. NEIL and JOHN S. COOPER for Keely.

CALDWELL & CALDWELL for Turbeville.

FREEMAN, J., delivered the opinion of the court.

This suit is brought on a note given for a mill pick, called a "diamond mill pick," purchased by Keely, the owner of a flour mill in Gibson county. The note is for one hundred dollars, the contract price.

The case was tried before the circuit court on appeal from a justice of the peace, where the case turned on three matters urged by defendant in resistance of the right of the plaintiff to recover. These defenses were, first, that the note was fraudulently obtained, as we take it, by means of certain representations made by the seller, of the capacity, quality and fitness of the pick for the work it was designed for, and the increased product of flour per bushel of wheat as the result of its use on the mill stones, as compared with stones dressed by the usual instrument—the steel pick.

Second, breach of warranty in reference to these same things, and a right to recoup by way of damages, the difference between the article as warranted, or represented, and its actual value.

Third, a failure of consideration.

This latter ground we do not understand to be seriously insisted on, if at all, and could not be. The party got the thing bought, there has been no failure of title, and he still retains it undisturbed,

and no defect of title is suggested. We may lay this out of the discussion.

The case has been pressed on us for reversal for supposed errors in the charge of the court on the first two questions—fraud and breach of warranty.

His Honor charged, on the question of fraud, substantially, that if representations were made as to the pick at the time of the purchase, which defendant and relied on, and was thereby induced to make the trade, and these representations were false, and known to be so by plaintiff, this would be a fraud, and would defeat a recovery.

In a case like this at law, fraud in representing the character of an article offered to be sold, by which the other party is intended to be induced to buy, involves necessarily an intention to deceive, a purposed wrong. It has in it this affirmative element by the nature of the thing. This being so, and the theory of the defense, on which his Honor was instructing the jury, being that the party had, by making these representations fraudulently, wrongly obtained the note sued on, and therefore should not recover at all; that it was voidable for this cause in his hands; it follows that no such purposed fraud in obtaining the note could have existed without a knowledge on the part of the maker that the representations were false. If his representations were honestly made, believing them true, they could not have been made with intent to deceive the defendant, and thereby obtain the note on which the suit is brought. We therefore think his Honor was cor-

rect on the question as presented, when he told the jury that fraud that would avoid the note and prevent a recovery by the plaintiff, because the promise had been obtained by fraudulent representations of the quality or character of the pick, was correct. Such purposed and planned obtention of the note would necessarily involve a knowledge of the fact that the representations were false, and could not consist with the idea of an honest statement, however mistaken, of what the party really believed to be true.

If his Honor had been called on to charge upon a right of recovery by defendant by way of recoupment for damages, in the nature of an action on the case for deceit—a tort—then a different rule might apply, and a representation intended to influence the conduct of the other party, and which did do so to his injury, made recklessly, without regard to its truth or falsehood, or without knowledge of whether true or false, might be such a tort as to furnish the basis of an action and recovery. The wrong done to the party is the same, whether the fact stated or representation made was true or false. We think this probably is the true line of distinction, which the authorities will be found to sustain. No such question, however, was presented, and we see no error in the ruling of his Honor on the case as it stood before him. See *Horrigan* v. *First National Bank,* 9 Baxt., 140.

The next question presented arises on this state of facts: After the jury had been charged very prop-

·erly on the question of warranty, they seem to have been unable to agree on a verdict, probably for several days. They had several times returned into ·court, and stated they were unable to agree on the facts of the case. They were, however, sent back by his Honor, when again they came into court, and presented in writing to the court the following: "Your Honor, we, the jury, would report to your Honor that we are disagreed on a question of law. If Keely, the defendant, relied mainly on plaintiff's representations of the pick, and partly on the partial test of the pick made by Turbeville, does that constitute a warranty?" To this his Honor replied in writing: "I charge you, that if you find the above from the evidence, it would not constitute a warranty." Before writing, however, he re-read to the jury his former charge on this question. When this was done, defendant's counsel, before the question of the jury was answered, presented his Honor, in writing, the following as their view of the law on the question propounded by the jury: "If Keely, the defendant, relied mainly on the representations of Turbeville, and Turbeville so intended Keely should rely on his representations, this would amount to a warranty, if Turbeville so intended it to be." This request was refused, and the charge was given as above.

It is proper to state, that the proof tended to show that the pick had been tried or used twice on the mill stones by Turbeville, or his partner, Drewry, in the presence of defendant, before it was

purchased, and that while the test. was not entirely satisfactory, it was explained that the full results of the use of the new pick could not be obtained. until the impressions made by the use of the old style pick had been worn off, which would be some little time. It was in reference to this view of the case that the jury had put the question before us to the court.

The request of the counsel was proper to be made under the circumstances, his Honor being about to charge upon a point not specifically referred to in his former instructions.

His Honor's charge, then, taken in connection with what he refused to charge, means, that even though a party mainly relies on the representations made by the seller, and these representations were made with the intent they should be relied on and received as a warranty, yet if he in any degree relied or acted on tests of the article he had seen made, or knowledge thus obtained, still this would. not be a warranty.

In this we think there is error. It amounts to saying to the jury, that even though the seller gives a warranty, which is the controlling inducement and reliance inducing the purchase, yet if the party should be influenced in any degree by his own observation of the article, or information obtained by having seen it used and partially tested, that the warranty thus given and relied on would be nugatory. We hold the opposite of this to be the law, and that, on this state of facts, as assumed by the

question of the jury, and the request of counsel, there would be a warranty, for a breach of which a recovery could be had.

For this error the case must be reversed and a new trial had.